IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| FLAMBEAU, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILDGAME INNOVATIONS, LLC, and <br> WILEY OUTDOOR PRODUCTS, LLC, <br><br> Defendants. | § § § § § § § § § § § § | Case No. 10-CV-00059 |

## COMPLAINT

Plaintiff, Flambeau, Inc. ("Flambeau"), by its attorneys, Quarles & Brady LLP, hereby states its Complaint against Defendants, Wildgame Innovations, LLC ("Wildgame Innovations") and Wiley Outdoor Products, LLC ("Wiley Outdoor Products") as follows:

### THE PARTIES

1. Flambeau is a Wisconsin corporation with its principal place of business at 801 Lynn Avenue, Baraboo, Wisconsin 53913.

2. On information and belief, Wildgame Innovations is a limited liability company registered in the state of Louisiana, with its principal place of business at 101 Cason Road, Broussard, Louisiana 70518. On information and belief, Wildgame Innovations' members are residents of Louisiana and Wyoming.

3. On information and belief, Wiley Outdoor Products is a limited liability company registered in the state of Mississippi, with its principal place of business in Pearl, Mississippi.

On information and belief, Wiley Outdoor Products' members are all residents of the State of Mississippi.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under Title 35 of the United States Code. Flambeau is seeking both injunctive relief and damages.

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338 because this is a civil action for patent infringement arising under Title 35 of the United States Code.

6. This Court has personal jurisdiction over Wiley Outdoor Products and Wildgame Innovations because, on information and belief, they have committed and continue to commit acts of infringement within the Western District of Wisconsin, have conducted business within the Western District of Wisconsin and/or engaged in continuous and systematic activities within the Western District of Wisconsin.

7. Venue for this matter is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## THE '660 PATENT

8. On February 9, 2010, United States Patent No. 7,658,660 ("the '660 Patent") entitled "Game Call Apparatus" was duly and legally issued. A copy of the '660 Patent is attached hereto as Exhibit A. The '660 Patent discloses an apparatus for producing a realistic game call sound by blowing air into a mouthpiece, which causes a reed to vibrate in a tubular sound chamber.

9. Flambeau is the owner by assignment of the entire right, title and interest in the '660 Patent.

10. Flambeau sells in the United States game calls claimed in the '660 Patent.

11. The invention claimed in the '660 Patent represents unique, non-obvious improvements upon previous game calls.

12. There are no acceptable non-infringing alternatives to the invention claimed in the '660 Patent.

13. On information and belief, Wiley Outdoor Products makes, uses, offers for sale and sells in the United States products that infringe Claims 1 and 2 of the '660 Patent.

14. On information and belief, Wildgame Innovations offers for sale and sells in the United States products that infringe Claims 1 and 2 of the '660 Patent.

15. Flambeau has provided notice of the existence of the '660 Patent and Wiley Outdoor Products' infringement to Wiley Outdoor Products pursuant to 35 U.S.C. § 287.

16. Flambeau has provided notice of the existence of the '660 Patent and Wildgame Innovations' infringement to Wildgame Innovations pursuant to 35 U.S.C. § 287.

## Count One
### DIRECT INFRINGEMENT OF THE '660 PATENT

17. Flambeau re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 16.

18. Wildgame Innovations has infringed, and continues to infringe, independent Claim 1 and dependent Claim2 of the '660 Patent, either directly or under the doctrine of equivalence, by selling and offering for sale in the United States products covered by Claims 1 and 2 of the '660 Patent, including the Flextone "Buck Rage Plus" game call.

19. Wiley Outdoor Products has infringed, and continues to infringe, independent Claim 1 and dependent Claim 2 of the '660 Patent, either directly or under the doctrine of

equivalence, by making, using, selling and offering for sale in the United States products covered by Claims 1 and 2 of the '660 Patent, including the Flextone "Buck Rage Plus" game call.

20.     Defendants' infringement is intentional, willful, and in reckless disregard of Flambeau's rights.

21.     Defendants' infringement is causing Flambeau substantial injury, including lost profits, for which Flambeau is entitled to damages adequate to compensate it.

22.     Defendants' infringement is causing irreparable harm and monetary damage to Flambeau, and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## Count Two
## INDIRECT INFRINGEMENT OF THE '660 PATENT

23.     Flambeau re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 22.

24.     Wiley Outdoor Products manufactures and sells products covered by independent Claim 1 and dependent Claim 2 of the '660 Patent, including the Flextone "Buck Rage Plus" game call.

25.     Wiley Outdoor Products is directly infringing Claims 1 and 2 of the '660 Patent by causing Wildgame Innovations to directly infringe the '660 Patent by selling and offering for sale game calls manufactured by Wiley Outdoor Products, including the Flextone "Buck Rage Plus" game call.

26.     On information and belief, Wiley Outdoor Products knows that the products it manufactures and causes Wildgame Innovations to offer for sale and sell directly infringe Claims 1 and 2 of the '660 Patent.

27. Wiley Outdoor Products' indirect infringement is intentional, willful, and in reckless disregard of Flambeau's rights.

28. Wiley Outdoor Products' indirect infringement is causing Flambeau substantial injury, including lost profits, for which Flambeau is entitled to damages adequate to compensate it.

29. Wiley Outdoor Products' indirect infringement is causing irreparable harm and monetary damage to Flambeau, and will continue to do so unless and until Wiley Outdoor Products is enjoined and restrained by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Flambeau, Inc. respectfully requests judgment and relief against Wiley Outdoor Products, LLC and Wildgame Innovations, LLC as follows:

A.  Enter a judgment in favor of Flambeau;

B.  Award Flambeau damages adequate to compensate for the infringement of the '660 Patent;

C.  Enjoin Defendants, and all related entities and those acting in concert with Defendants, from further infringement of United States Patent No. 7,658,660.

D.  Treble the damages pursuant to 35 U.S.C. § 284.

E.  Declare this to be an exceptional case under 35 U.S.C. § 285, and award Flambeau reasonable attorneys' fees.

F.  Award Flambeau interest and costs; and

G.  Award Flambeau such further relief to which the Court finds Flambeau entitled under law or equity.

Dated this 9th day of February, 2010.

    //s//Anthony A. Tomaselli
Anthony A. Tomaselli
Wis. State Bar. No. 1003673
aat@quarles.com
Bennett J. Berson
Wis. State Bar No. 1019421
bennett.berson@quarles.com
Martha Jahn Snyder
Wis. State Bar No. 1070865
martha.snyder@quarles.com
Quarles & Brady LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
(608) 251-5000 (Telephone)